IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **RHONDA CABRERA**<br>        Plaintiff(s)<br><br>v.<br><br>**NOVO NORDISK A/S;**<br>**NOVO NORDISK INC.;**<br>**ELI LILLY AND COMPANY;**<br>and **LILLY USA, LLC**<br>        Defendant(s). | COMPLAINT AND JURY DEMAND CIVIL<br><br>ACTION NO.:_____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503-1).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): __Rhonda Cabrera__.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: __N/A__, as __N/A__ of the estate of __N/A__, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): __N/A__.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: __N/A__.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

    __X__ Novo Nordisk Inc.

    __X__ Novo Nordisk A/S

    __X__ Eli Lilly and Company

    __X__ Lilly USA, LLC

    ____ other(s) (identify): ____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   5705 Sundance Circle. Forth Worth, Texas 76148

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Texas

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Texas

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Fort Worth, Texas

10. Jurisdiction is based on:

    X    diversity of citizenship pursuant to 28 U.S.C. § 1332

    ___  other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    Northern District of Texas

12. Venue is proper in the District Court identified in Paragraph 11 because:

    _X_  a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____   other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __X__     Ozempic (semaglutide)

    _____     Wegovy (semaglutide)

    _____     Rybelsus (oral semaglutide)

    _____     Victoza (liraglutide)

    _____     Saxenda (liraglutide)

    _____     Trulicity (dulaglutide)

    __X__     Mounjaro (tirzepatide)

    _____     Zepbound (tirzepatide)

    _____     Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

    Ozempic: March, 2023 to April, 2023

    Mounjaro: April, 2023 to Present

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    <u>  X  </u>   Gastroparesis

    <u>  X  </u>   Other gastro-intestinal injuries (specify): <u>Daily vomiting.</u>

    _____   Ileus

    _____   Ischemic Bowel/Ischemic Colitis

    _____   Intestinal Obstruction

    _____   Necrotizing Pancreatitis

    _____   Gallbladder Injury (specify) _____

    _____   Micronutrient Deficiency

    _____   Wernicke's encephalopathy

    _____   Aspiration

    _____   Death

    _____   Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    November, 2023 to Present

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

<u>  X  </u>   Injury to self

\_\_\_\_\_   Injury to person represented

\_\_\_\_\_   Economic loss

\_\_\_\_\_   Wrongful death

\_\_\_\_\_   Survivorship

\_\_\_\_\_   Loss of services

\_\_\_\_\_   Loss of consortium

\_\_\_\_\_   other(s) (specify): _____

**CAUSES OF ACTION**

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    _X_  Count I:     Failure to Warn – Negligence

    _X_  Count II:    Failure to Warn – Strict Liability

    _X_  Count III:   Breach of Express Warranty/Failure to Conform to Representations

    _X_  Count IV:    Breach of Implied Warranty

    _X_  Count V:     Fraudulent Concealment/Fraud by Omission

    _X_  Count VI:    Fraudulent/Intentional Misrepresentation

    _X_  Count VII:   Negligent Misrepresentation/Marketing

    _X_  Count VIII:  Strict Product Liability Misrepresentation/Marketing

    _X_  Count IX:    Innocent Misrepresentation/Marketing

    _X_  Count X:     Unfair Trade Practices/Consumer Protection (see below)

    _X_  Count XI:    Negligence

    _X_  Count XII:   Negligent Undertaking

    _X_  Count XIII:  State Product Liability Act (see below)

    ____ Count XIV:   Wrongful Death

    ____ Count XV:    Loss of Consortium

    ____ Count XVI:   Survival Action

    ____ Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

    _____

    _____

_____

_____

20.  If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

**The Texas Deceptive Trade Practices and Consumer Protection Act is codified in TX BUS & COM § 17.45, *et seq*. Plaintiff brings claims under §17.45, §17.46(b)(5), (7), (9), (24), and §17.50. Additionally, see Attachment A and Plaintiff's Master Complaint Count X Paragraphs 850-865.**

    b. Identify the factual allegations supporting those claims (by subsection, if applicable): **See Attachment A.**

**Prior to beginning Ozempic, Plaintiff recalls seeing many Ozempic advertisements on television and on Facebook, including various advertisements where the slogan "Oh, oh, oh, Ozempic!" was played. Plaintiff recalls that these advertisements promoted weight loss and did not inform about the risk of suffering from the injuries she has sustained, i.e., gastroparesis and excessive daily vomiting. Plaintiff started taking Ozempic, and then later Mounjaro, based on representations by both drug makers that these drugs would help Plaintiff permanently lose weight and would not cause her the severe side effects that she suffers from.**

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

**The Texas Product Liability Act is codified in TX CIV PRAC & REM CODE § 82.001 *et seq.* Plaintiff brings claims under §82.001 – Definitions, § 82.005 – Design Defects, and §82.007 – Medicines.**

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

   **None.**

   c. Identify the factual allegations supporting those claims:

**Facts:** Plaintiff was overweight and seeking a way to lose weight. She had seen advertisements regarding the weight loss effects of Ozempic, which did not explain the risk of gastroparesis or vomiting with the frequency and severity with which she has experienced it. Beginning in March of 2023, Plaintiff was prescribed and took Ozempic. Plaintiff discontinued her Ozempic use in April of 2023 when her doctor changed her prescription to Mounjaro. In April of 2023, Plaintiff was prescribed Mounjaro, which she used consistently over the following two-plus years. After experiencing significant gastrointestinal pain, including daily vomiting episodes, in November of 2023, Plaintiff underwent a gastric emptying study which was positive for gastroparesis.

**In addition, Plaintiff incorporates the following paragraphs from the Master Complaint by reference:**
**Count 1: Failure to Warn - Negligence (¶¶ 606-640)**
**Count II: Failure to Warn – Strict Liability (¶¶ 641-674)**
**Count III: Breach of Express Warranty/Failure to Conform to Representations (¶¶ 675-698)**
**Count IV: Breach of Implied Warranty (¶¶ 699-779)**
**Count VI: Fraudulent/Intestinal Misrepresentation (¶¶ 780-800)**
**Count VII: Negligent Misrepresentation/Marketing (¶¶ 801-824)**
**Count VIII: Strict Product Liability Misrepresentation/Marketing (¶¶ 825-848)**
**Count IX: Innocent Misrepresentation/Marketing (¶ 849)**
**Count X: Unfair Trade Practices/Consumer Protection (¶¶ 850-865)**
**Count XI: Negligence (¶¶ 866-880)**
**Count XII: Negligent Undertaking (¶¶ 881-903)**
**Count XIII: State Product Liability Acts (¶¶ 904-911).**

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? **No such notice is required**. If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: November 21, 2025

By:

Craig Silverman, Esq.

NY Atty ID: 4290472

Sullivan Papain Block McManus Coffinas & Cannavo P.C.

csilverman@triallaw1.com

212-266-4125

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).

## ATTACHMENT "A"

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendant(s) identified in paragraph 5 of the Short Form Complaint ("Defendant(s)").

3. Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4. The Texas Deceptive Trade Practices-Consumer Protection Act ("Texas DTPA" or the "Statute") prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce[,]" Tex. Bus. & Com. Code Ann. § 17.46(a), and an "unconscionable action or course of action[,]" Tex. Bus. & Com. Code Ann. § 17.50(a)(3).

5. Plaintiff and/or Defendant(s) are "persons" under the Statute.

6. Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7. Defendant(s) are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8. Defendant(s) designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also

separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

9. Defendant(s) marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in Texas. In addition, Defendant(s) sold the GLP-1 RA Products to residents of Texas; shipped GLP-1 RA Products to Texas; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in Texas. Defendant(s)' misconduct described herein significantly affected Texas consumers.

10. As alleged in the Master Complaint, Defendant(s) engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

   a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

   b. Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

   c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendant(s) continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

2

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendant(s) knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendant(s) claimed. Despite espousing significant weight-loss benefits, Defendant(s) knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendant(s) continued to mislead consumers by overstating the products' weight-loss benefits.

13. The information referenced above that Defendant(s) misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14. Defendant(s) intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15. Defendant(s) violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

3

16. Defendant(s) violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendant(s)' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17. Prior to beginning Ozempic, Plaintiff recalls seeing many Ozempic advertisements on television and on Facebook, including various advertisements where the slogan "Oh, oh, oh, Ozempic!" was played. Plaintiff recalls that these advertisements promoted weight loss and did not inform about the risk of suffering from the injuries she has sustained, i.e., gastroparesis and excessive daily vomiting. Plaintiff started taking Ozempic, and then later Mounjaro, based on representations by both drug makers that these drugs would help Plaintiff permanently lose weight and would not cause her the severe side effects that she suffers from.

18. Defendant(s) knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

19. By consistently and pervasively understating the risk and overstating the benefits of taking GLP-1 RA Products, Defendant(s) engaged in unfair, deceptive and/or fraudulent acts in violation of the statute by, among other things: (a) knowingly and intentionally representing that the GLP-1 RA Products have characteristics, uses, or benefits they do not have; (b) knowingly and intentionally representing that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are not; (c) advertising the GLP-1 RA Products with intent not to sell them as

advertised; (d) failing to disclose information concerning the GLP-1 RA Products which was known at the time of the transaction with the intent to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; (e) breaching an express warranty; (f) breaching an implied warranty; and (g) performing an unconscionable action or course of action. Tex. Bus. & Com. Code Ann. § 17.46(a); § 17.46(b)(5), (7), (9), (24); § 17.50(a).

20. In violation of the Statute, Defendant(s)' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

21. Defendant(s)' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

22. Plaintiff justifiably relied on Defendant(s)' misrepresentations and omissions and if Plaintiff had known the information that Defendant(s) withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

23. As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendant(s) misrepresentations and omissions. Defendant(s) expected or should have expected reasonable consumers to rely on

5

these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

24. Plaintiff at all times acted as a reasonable consumer in relying upon Defendant(s)' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

25. The actions and omissions of Defendant(s) are uncured or incurable.

26. As alleged above, Defendant(s) had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

27. As a direct and proximate result of Defendant(s)' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint.

28. Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

29. To the extent that any pre-suit notice was required, Plaintiff has complied or substantially complied with all applicable notice requirements or is otherwise excused from compliance for this proceeding. Defendant(s) had notice of their violations for years including lawsuits dating back to 2023. In response, Defendant(s) refused to acknowledge and cure the violations alleged herein in a manner that would compensate Plaintiff for the losses Plaintiff has suffered as a result of the misconduct alleged herein. Therefore, any additional notice would be futile.